UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BENJAMIN CAULTON,

               Petitioner,

v.                                  CASE NO. 04-CV-74814-DT
                                  HONORABLE GEORGE CARAM STEEH

WILLIE SMITH,

               Respondent.

_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION

      Petitioner Benjamin Caulton has filed a *pro se* habeas corpus petition challenging his state conviction for criminal sexual conduct. Because the Court finds no merit in his claims, the habeas petition will be dismissed.

### I.  Background

### A.  Direct Review

      Following a bench trial in 1995, Petitioner was convicted in the former Detroit Recorder's Court of first-degree criminal sexual conduct. *See* MICH. COMP. LAWS § 750.520b(1)(f) (sexual penetration using force or coercion and causing injury). The testimony at trial established that

      [o]n August 9, 1994, the victim . . . went out with the defendant, Benjamin Caulton. The two went to a house in Warren where they had drinks with some friends. After about one hour, defendant drove the victim back to her home in Highland Park. The victim went inside to use the bathroom and then returned to defendant's car. The victim rode along with defendant for a short period of time until defendant pulled into an alley. Defendant turned off the car and started kissing the victim. The victim told defendant to stop but defendant continued. Defendant pulled down his pants and held the victim down. The victim again tried to stop defendant by kicking at the windshield until it broke. Defendant

became enraged and started beating and choking the victim. The victim finally
relented and allowed defendant to rape her. After defendant finished, he beat the
victim again and drove to an area near Henry Ford Middle School in Highland
Park. Defendant parked the car and raped the victim a second time. The victim
suffered a bruised face and head, a black eye, a busted lip, and other assorted cuts
and bruises.

People's Answer to Def.'s Mot. for Relief from J., at 1-2, Wayne County Cir. Ct. No. 94-9158.

Petitioner's defense was that the complainant agreed to have sex with him in return for buying

cocaine for her.

The trial court convicted Petitioner as charged, and on September 21, 1995, the court

sentenced Petitioner to imprisonment for twenty to sixty years. In a direct appeal from his

conviction, the claims were (1) there was insufficient evidence presented at the trial to support

the conviction, (2) the court failed to consider the rule of proportionality when sentencing

Petitioner and failed to properly score the sentencing guidelines, and (3) Petitioner was denied

his Sixth Amendment right to effective assistance of counsel. The Michigan Court of Appeals

affirmed Petitioner's conviction and sentence in an unpublished *per curiam* opinion. *See People

v. Caulton*, No. 190971 (Mich. Ct. App. Apr. 18, 1997).

Petitioner raised the same claims in the Michigan Supreme Court, along with two new

claims that his arrest was illegal and that the trial court abused its discretion and was biased. On

March 31, 1998, the Michigan Supreme Court denied leave to appeal. S*ee People v. Caulton*,

456 Mich. 955; 577 N.W.2d 686 (1998) (table). On May 28, 1998, the supreme court denied

reconsideration.

On February 3, 1999, Petitioner filed a federal habeas corpus petition in which he alleged

(1) prosecutorial misconduct, (2) ineffective assistance of counsel, (3) judicial abuse of

discretion, and (4) lack of probable cause. United States District Judge Paul D. Borman

2

dismissed the petition without prejudice for failure to exhaust state remedies for the first and third claims.  *See Caulton v. Curtis*, No.  99-CV-70435 (E.D. Mich. Nov. 23, 1999).

## B.  State Collateral Review

Petitioner returned to state court where he filed a motion for relief from judgment in which he raised the six claims now pending before this Court.  The trial court addressed Petitioner's claims, found no merit in them, and denied the motion.

Petitioner raised only two of his six issues in an appeal from the trial court's decision. He alleged that (1) the complaining witness committed perjury regarding the location of the alleged assault and (2) his rights to due process were violated by the trial court's findings of fact. The Michigan Court of Appeals denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D).  *See People v. Caulton*, No. 245797 (Mich. Ct. App. Aug. 13, 2003).

In a subsequent application to the Michigan Supreme Court, Petitioner alleged that:  (1) the complainant's testimony at the preliminary examination violated his right to due process; (2) the prosecutor knew that the complainant committed perjury regarding the location of the alleged crime, and (3) the trial court abused its discretion when it (a) permitted the prosecutor to refresh the complainant's memory and (b) found Petitioner guilty of a crime in an undetermined area. On April 30, 2004, the state supreme court denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D).  *See People v. Caulton*, 470 Mich. 855; 679 N.W.2d 73 (2004) (table).  On July 29, 2004, the supreme court denied reconsideration. *See People v. Caulton*, 471 Mich. 863; 683 N.W.2d 672 (2004) (table).

## C.  The Habeas Petition and Responsive Pleading

Petitioner filed the pending habeas corpus petition on December 9, 2004.  The grounds

for relief read:

I.      Where no warrant or complaint was obtained against the defendant
        until two days after his arrest, probable cause did not exist at the
        time the officer came outside their bali-wick (sic) and made the
        arrest.

II.     Where a complaint alleges no time in laying the offense [it] is
        fatally defective.

III.    Where the prosecution knew the complainant had committed
        perjury to get appellant [bound over] in regard to the allege[d]
        location and knew the court[']s findings w[ere] not the same as the
        notice giv[en] appellant, nor did it fall in the same transaction as
        the information[,] [it] constitute[d] prosecutorial misconduct.

IV.     Where counsel's performance during trial shows that he was not
        even prepared to go to trial [it] constitutes ineffective assistance of
        counsel.

V.      Where the appellant was only charged and giv[en] notice to defend
        against sexually assaulting [the complainant] at Henry Ford
        Middle School Highland Park MI and the court[']s findings were
        in respect to an[] unknown area, the court abuse[d] its discretion
        and violated appellant[']s Sixth and Fourteenth Amendment rights.

VI.     Where appellant[']s counsel fail[ed] during appellant[']s right to
        appeal to include authority to support[] argument and properly
        prepare his standard 11 supplemental brief [it] constitute[d]
        ineffective assistance of appellate [counsel.]

Respondent argues in an answer to the habeas petition that Petitioner's claims are

unexhausted, procedurally defaulted, not cognizable, or without merit.  The Court finds it

unnecessary to address Respondent's arguments regarding exhaustion and procedural default

because Petitioner's claims lack merit and neither the exhaustion requirement, nor the procedural

default doctrine, are jurisdictional bars to review of the claims.  *White v. Mitchell*, 431 F.3d 517,

526 (6th Cir. 2005) (stating that the exhaustion requirement is not a jurisdictional one), *cert.*

4

*denied sub nom Houk v. White*, __ U.S. __, 127 S. Ct. 578 (2006), *and cert. denied sub nom White v. Houk*, __ U.S. __, 127 S. Ct. 581 (2006); *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005) (noting that procedural default is not a jurisdictional bar to review on the merits), *cert. denied*, __ U.S. __, 126 S.Ct. 1032 (2006).  The Court will proceed to address Petitioner's claims in light of the following standard of review.

## II.  Standard of Review

Habeas petitioners are entitled to the writ of habeas corpus if they can show that the state court's adjudication of their claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (Justice O'Connor's majority opinion on Part II).  A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id*. at 410 (emphasis in original).  "[A] federal habeas court making the

5

'unreasonable application' inquiry should ask whether the state court's application of clearly

established federal law was objectively unreasonable." *Id*. at 409.

> The state-court decision need not refer to relevant Supreme Court cases or even demonstrate an awareness of them. *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam). Instead, it is sufficient that the result and reasoning are consistent with Supreme Court precedent. *Id*. A state court moreover does not act contrary to clearly established law when the precedent of the Supreme Court is ambiguous or nonexistent; it may hold a view that is different from [the Sixth Circuit Court of Appeals] or another federal court. *See Mitchell v. Esparza*, 540 U.S. 12, 17 (2003) (per curiam). Ultimately, AEDPA's highly deferential standard requires that this court give the state-court decision "the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam).

*Slagle v. Bagley*, 457 F.3d 501, 513-14 (6th Cir. 2006), *reh'g en banc denied*, __ F.3d __, 2007

WL 283831 (6th Cir. Feb. 2, 2007).

> Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Finally, review is conducted in light of the law as it existed at the time of the final state court decision, *Teague v. Lane,* 489 U.S. 288 (1989), unless an intervening constitutional decision announces a "watershed" rule of criminal law with implications for the fundamental fairness of the trial proceeding. *Caspari v. Bohlen,* 510 U.S. 383, 396 (1994).

*Baze v. Parker*, 371 F.3d 310, 318 (6th Cir. 2004), *cert. denied*, 544 U.S. 931 (2005).

### III.  Discussion

### A.  Probable Cause

The first habeas claim alleges that the police lacked a warrant or probable cause to arrest

Petitioner on August 17, 1994. Petitioner contends that the police were unable to obtain a

complaint or warrant until they took his statement on August 18, 1994. Petitioner also alleges

that the police lacked authority to arrest him in Warren for a crime that supposedly occurred in

Highland Park. The Michigan Court of Appeals concluded that Petitioner was arrested pursuant

to a felony arrest warrant and that, in executing the arrest warrant, the police were not bound to

6

the county in which the warrant was issued.

      The Fourth Amendment to the United States Constitution provides that --

> [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend IV.

      The contention that Petitioner was seized without a warrant or probable cause is not cognizable here because the Supreme Court has held that, when "the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 482 (1976). "All that *Stone v. Powell* requires is an 'opportunity' for full and fair consideration of the claim for suppression; it is up to the claimant and his counsel to decide what use, if any, is to be made of the opportunity." *Jennings v. Rees*, 800 F.2d 72, 77 (6th Cir. 1986). Petitioner was accorded a full and fair opportunity to assert his Fourth Amendment claim. Therefore, substantive review of his habeas claim is barred.

      Even if Petitioner's claim were cognizable on habeas review, the claim has no merit. Although the state court docket appears to indicate that the warrant was not signed until August 19, 1994, the complainant knew Petitioner, and Petitioner admits that the police obtained a written statement from the complainant on August 11, 1994. Thus, the police had probable cause to arrest Petitioner on August 17, 1994. Petitioner's "contradiction of [the] witness's accusation is not sufficient to vitiate probable cause; otherwise it would be virtually impossible

7

to secure a warrant for anyone but a confessed offender." *Grubbs v. Bailes*, 445 F.3d 1275, 1278 (10th Cir.), *cert. denied*, __U.S. __, 127 S. Ct. 384 ( 2006).  Petitioner's contention that the police arrested him outside their jurisdiction lacks merit because law enforcement officers may execute warrants in any part of the state.  MICH. COMP. LAWS § 767.31; *People v. Rowe,* 95 Mich. App. 204, 206-12; 289 N.W.2d 915, 916-19 (1980).

## B.  The Complaint

The second claim alleges that the complaint was defective because it did not set forth the time of the offense.  In addition, Petitioner alleges that the prosecutor did not endorse the complaint or prove that security costs were filed with the court, as required by Michigan Court Rule 6.101(C).

These are state law issues, and "[a] federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law."  *Pulley v. Harris*, 465 U.S. 37, 41 (1984). The trial court's determination that Petitioner's claim had no merit under state law is binding on this Court.  *Bradshaw v. Richey*, 546 U.S. 74, __, 126 S. Ct. 602, 604 (2005).  "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (per curiam)."  *Estelle v. McGuire,* 502 U.S. 62, 68 (1991).

To the extent that Petitioner is relying on his constitutional right to notice of the charged crime, his constitutional argument also lacks merit.  "A defendant's right to notice of the charges against which he must defend is well established." *Gray v. Netherland*, 518 U.S. 152, 167 (1996) (citing *In re Ruffalo*, 390 U.S. 544 (1968), and *Cole v. Arkansas*, 333 U.S. 196 (1948)).  The felony complaint in this case states that the offense occurred on August 9, 1994.  Furthermore,

8

Petitioner admitted at trial that, on August 8, he got together with the complainant and had sex with her in his car.  He also provided numerous details about the night in question.  (Tr. July 26, 1995, at 108-119.)

Petitioner was provided adequate notice of the charged offense, and his own testimony indicates that he was well aware of the time of the incident.  His claim regarding defects in the complaint has no merit.

### C.  The Prosecutor

The third claim alleges prosecutorial misconduct.  Petitioner asserts that the complainant's testimony failed to establish venue for the charged act and that the prosecutor committed misconduct by allowing the complainant to testify as she did.  Petitioner apparently believes that, because there were some discrepancies between the complainant's testimony at the preliminary examination and at trial, she perjured herself.   The trial court determined that Petitioner failed to establish a lack of jurisdiction and was not entitled to relief.

> As long ago as *Mooney v. Holohan*, 294 U.S. 103 (1935), [the Supreme] Court made clear that deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with "rudimentary demands of justice." This was reaffirmed in *Pyle v. Kansas*, 317 U.S. 213 (1942).  In *Napue v. Illinois*, 360 U.S. 264 (1959), [the Supreme Court] said, "[t]he same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears."  *Id.*, at 269.

*Giglio v. United States* , 405 U.S. 150, 153 (1972).  "To prevail on a false-testimony claim, [a habeas petitioner] must show (1) that the prosecution presented false testimony (2) that the prosecution knew was false, and (3) that was material."  *Abdus-Samad v. Bell*, 420 F.3d 614, 625-26 (6th Cir. 2005), *cert. denied*, __ U.S. __, 127 S. Ct. 380 (2006).

"The burden is on the defendants to show that the testimony was actually perjured, and

9

mere inconsistencies in testimony by government witnesses do not establish knowing use of false testimony." *United States v. Lochmondy*, 890 F.2d 817, 822 (6th Cir. 1989) (citing *United States v. Griley*, 814 F.2d 967, 971 (4th Cir. 1987)). "Moreover, the defendant must show that the statement in question was 'indisputably false,' rather than merely misleading." *Byrd v. Collins*, 209 F.3d 486, 517 (6th Cir. 2000) (quoting *Lochmondy*, 890 F.2d at 823).

The complainant gave the impression at the preliminary examination that Petitioner raped her one time on August 9, 1994, and that the rape occurred in an alley alongside Ford School in Highland Park. (Tr. Aug. 23, 1994, at 6-11.) On cross-examination, she testified that she thought she was in Highland Park at the time, but it could have been Detroit. (*Id*. at 20-21.)

At trial, the complainant testified that Petitioner raped her two times. She stated that, the first time, Petitioner drove through an alley, stopped the car, began to choke her, and got on top of her. She did not know the name of the nearby street where this incident occurred. She went to say that, as she tried to fight back, she put her feet on the windshield, pushed against the glass, and shattered the windshield. Petitioner then started to hit her. At that point she stopped resisting, and Petitioner raped her. A short time later, Petitioner resumed driving around, said that he wanted more sex, and took her to another alley. She was not certain which side streets he was driving on, but she claimed that he drove back into Highland Park and took her to an alley alongside Henry Ford Middle School in Highland Park. He then raped her a second time. (Tr. July 26, 1995, at 30-48.)

Petitioner was charged with one count of criminal sexual conduct in Highland Park. Venue was established for that offense through the complainant's testimony. Petitioner has failed to demonstrate that the complainant's testimony was false and that the prosecutor knew it

10

was false.

### D.  Trial Counsel

Petitioner alleges next that his trial attorney was not prepared for trial.  The test for ineffective assistance of counsel has two components:  "First, the defendant must show that counsel's performance was deficient. . . .   Second, the defendant must show that the deficient performance prejudiced the defense."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness."  *Strickland*, 466 U.S. at 688.  The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id*. at 687.

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Id*. at 687.  The defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*. at 694.  The Court finds for the following reasons that Petitioner has failed to satisfy both prongs of the Strickland test.

### 1.  Impeaching the Complainant

Petitioner claims that his attorney did not impeach the complainant with her perjured testimony at the preliminary examination.  However, he has failed to show that the complainant committed perjury.  The fact that the complainant's testimony at the preliminary examination differed in some details from her testimony at trial does not establish perjury.  *See Lochmondy*, 890 F.2d at 822.  Nor does the fact that his own testimony contradicted the complainant's

11

testimony on the crucial issue of consent establish perjury.  *See id*. at 823.

## 2.  Refreshing Memory

Petitioner alleges that his attorney should have objected when the complainant used her statement to the police to refresh her memory.  The Michigan Rules of Evidence permit witnesses to refresh their memory while testifying.  *See* Mich. R. Evid. 612.  Thus, defense counsel was not ineffective for failing to object to the complainant's use of her prior statement to refresh her memory.

## 3.  Adjournment

Petitioner complains that his attorney did not object to the trial court's adjournment of trial so that the prosecutor could produce witnesses who failed to respond to trial subpoenas. The problem with this claim is that the trial court did not adjourn the trial.  As explained by the state court:

> The court did take a recess from the trial from 1:00 p.m. to 2:30 p.m. when the prosecutor was unable to produce two witnesses that had been subpoenaed but had not appeared for the trial.  However, when the court reconvened, the witnesses did not appear and the court proceeded with the trial without these witnesses.  Trial Transcript, at pp 74 - 76.  In fact, the court stated:
>
>> I'm not stopping this trial to wait for these witnesses. . . .  Now this trial is going to be done today.  This trial was basically a one hour trial.  And here we are all-day long.  I don't expect this from a case like this.  It should have been prepared, and ready to go and everybody here.  Id at 74.

Op. and Order Denying Deft's Mot. for Relief from J., at  4.  Because there was only a short break in the proceedings and no resulting prejudice to Petitioner, defense counsel was not ineffective for failing to object.

## 4.  Post-Conviction Motion

12

Petitioner alleges that his attorney should have filed a post-conviction motion for judicial review because the verdict was clearly erroneous and because he was not given notice of the charges. Petitioner was given proper notice of the charge against him, and he defended against that charge. Furthermore, the complainant's credibility was an issue for the trier of fact, and the trial court's findings were supported by sufficient credible evidence.

There was not a sound basis for moving to overturn the verdict. *See People v. Rowell*, 14 Mich. App. 190, 196; 165 N.W.2d 423, 426 (1968). Therefore, defense counsel was not ineffective for failing to file a post-conviction motion for judicial review.

### 5. Failure to Call Witnesses

Petitioner alleges next that his attorney failed to call two witnesses, who would have testified that Petitioner and the complainant planned to sleep together at the witnesses' home on the day of the alleged rape. A defense attorney is required "to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. The duty to investigate "includes the obligation to investigate all witnesses who may have information concerning his or her client's guilt or innocence." *Towns v. Smith,* 395 F.3d 251, 258 (6th Cir. 2005).

Testimony from witnesses that the complainant planned to sleep with Petitioner on August 9, 1994, might have supported Petitioner's defense that the sexual conduct in question was consensual. However, there was other evidence of a prior sexual relationship between the parties. Petitioner testified that he had sexual relations with the complainant six times before the incident on August 9, 1994. (Tr. July 26, 1995, at 105-06.) Furthermore, the victim's bloody clothes, which were admitted in evidence, and her injuries, which were substantiated by medical

13

records, tended to refute Petitioner's claim that the sex was consensual. Therefore, the alleged failure to investigate two potential defense witnesses did not prejudice the defense.

### 6. The Arrest

Petitioner faults his attorney for not asking Detective Willie Taylor about arresting Petitioner in Warren, Michigan without a complaint or warrant. As explained above, the police had probable cause to arrest Petitioner, and they were authorized to arrest him outside Highland Park where the crime was alleged to have occurred. Therefore, defense counsel was not ineffective for failing to challenge Detective Taylor's authority to arrest Petitioner.

### 7. The Medical Reports

Petitioner claims that his attorney should have stipulated to medical reports, which indicated that there was no trauma to the complainant's vagina. This claim lacks a factual basis. Defense counsel *did* stipulate to the admission of medical records. (*Id*. at 73, 75-77.)

### 8. Venue

Petitioner's final claim about his trial attorney is that the attorney should have objected to the matter of venue. This claim also has no basis in fact. Petitioner's attorney moved to dismiss the case at the preliminary examination on the ground that the prosecutor failure to establish venue in Highland Park. The state district court denied the motion after concluding that the crime occurred in Highland Park. (Tr. Aug. 23, 1994, at 36-37.)

### 9. Summary

Petitioner has not shown that his attorney's performance was deficient and that the alleged deficiencies prejudiced the defense. Therefore, the state courts' conclusions that Petitioner was not deprived of effective assistance of trial counsel did not result in unreasonable

14

applications of *Strickland*. "[E]rrors of tactics or omission do not necessarily mean that counsel has functioned in a constitutionally deficient manner." *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).  Moreover, an attorney "cannot be ineffective for a failure to raise an issue that lacks merit." *Id*.

### E.  The Trial Court's Findings

The fifth claim alleges that the trial court's findings of fact violated Petitioner's Sixth Amendment right to proper notice of the charge.  Petitioner apparently believes that the trial court found him guilty of the first sexual penetration, which occurred after the complainant cracked his windshield, as opposed to the second sexual penetration at Ford Middle School.  He claims that he was not given notice to defend against the first penetration.  The trial court considered this claim and found that it lacked merit.

Petitioner had a right to notice of the charge against him.  *Gray v. Netherland*, 518 U.S. at 167.  He also had a due process right not to be convicted "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he [was] charged." *In re Winship*, 397 U.S. 358, 364 (1970).  However, federal courts may not reexamine a trial court's findings of fact, *Barclay v. Florida*, 463 U.S. 939, 968 (1983) (Stevens, J., concurring in judgment), peer over a state court's shoulder and second-guess its interpretation of facts, *Godfrey v. Georgia*, 446 U.S. 420, 450 (1980), or scrutinize a factfinder's reasoning process, *Harris v. Rivera*, 454 U.S. 339, 348 n.20 (1981).  "[T]he findings of fact made by a state court are presumed to be correct and can be contravened only if the habeas petitioner can show by clear and convincing evidence that the state court's factual findings were erroneous." *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing  28 U.S.C. § 2254(e)(1)).

15

The trial court noted at the conclusion of the trial that both Petitioner and the complainant admitted that Petitioner put his penis in the complainant's vagina. (Tr. July 26, 1995, at 170.) The court found Petitioner guilty as charged after concluding that Petitioner sexually penetrated the complainant without her consent. (*Id*. at 176.) Although the trial court did not specify where the sexual assault occurred or whether Petitioner penetrated the complainant one or two times, Petitioner was charged with only one penetration. The trial court's finding that Petitioner forced himself on the complainant was supported by the evidence, and in finding the complainant to be credible, the trial court implicitly determined that at least one of the rapes occurred in Highland Park.

Petitioner has not shown by clear and convincing evidence that the trial court's factual findings were erroneous or objectively unreasonable. He has no right to habeas relief on the basis of his fifth claim.

### F.  Appellate Counsel

The sixth and final claim alleges that Petitioner's appellate attorney provided ineffective assistance by failing to support his claims with arguments and citations and by failing to properly prepare Petitioner's *pro se* supplemental  brief.  More specifically, Petitioner claims that his attorney failed to provide support for Petitioner's claims that (1) the Highland Park police arrested him outside their jurisdiction and without a complaint or warrant and (2) there was no proof that the trial court found him guilty of a crime which was committed in Highland Park.

The *Strickland* standard is used to evaluate an appellate attorney's performance. *Mapes v. Tate*, 388 F.3d 187, 191 (6th Cir. 2004).  Therefore, Petitioner must show that his attorney's performance was deficient and that the deficient performance prejudiced the appeal.  The trial

16

court determined that Petitioner failed to meet this standard. This Court agrees.

Petitioner's appellate attorney listed Petitioner's *pro se* arguments in counsel's appellate brief. Appellate counsel also attached Petitioner's *pro se* motion and supporting brief to counsel's brief. The court of appeals did not state why it denied leave to file the *pro se* supplemental brief, and it did not reject counsel's arguments on the basis of a failure to support the arguments with authority or citations to the record. Furthermore, the *pro se* arguments challenging Petitioner's arrest and the trial court's verdict had no merit. Appellate counsel cannot be ineffective for failing to raise issues that lacked merit. *Greer*, 264 F.3d at 676.

### IV. Conclusion

The state courts' conclusions did not result in decisions that were contrary to, or an unreasonable application of, Supreme Court precedent. Accordingly, the application for a writ of habeas corpus is DENIED.

Dated: February 22, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 22, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---