UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN CAULTON,

        Petitioner,

v.                                                      CASE NO. 04-CV-74814-DT
                                                       HONORABLE GEORGE CARAM STEEH

WILLIE SMITH,

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION FOR ENLARGEMENT OF TIME,
DENYING PETITIONER'S MOTION FOR RECONSIDERATION, AND
DENYING PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY**

This Court recently denied Petitioner's *pro se* habeas corpus petition, which challenges Petitioner's state conviction for first-degree criminal sexual conduct. Currently pending before the Court are Petitioner's motions for an enlargement of time, for reconsideration, and for a certificate of appealability.

### I.  The Motion for Enlargement of Time

The motion for enlargement of time seeks additional time in which to file a motion for reconsideration of the dispositive opinion, which is dated February 22, 2007. A party generally has ten days in which to seek rehearing or reconsideration of a court order or judgment. *See* Fed. R. Civ. P. 59(e); Local Rule 7.1(g)(1) (E.D. Mich. Sept. 8, 1998). Petitioner alleges that he was unable to file his motion for reconsideration within ten days because he received the Court's decision four days after the Court issued it and he has limited access to the prison law library. Given these circumstances, the Court GRANTS Petitioner's motion for an enlargement of time. The Court deems Petitioner's motion for reconsideration timely even though it was filed on

March 19, 2007, or more than ten days after the Court's dispositive opinion.

## II.  The Motion for Reconsideration

Petitioner alleges in his motion for reconsideration that the Court did not properly review the state court record and it should not have relied on the respondent's arguments and the state court's decision.  The Court did review the record and found that the state court's resolution of Petitioner's claims was not objectively unreasonable.  Furthermore, Petitioner's motion raises the same issues already ruled upon by the Court.  Petitioner has not demonstrated a palpable defect by which the Court was misled.  Therefore, his motion for reconsideration [Doc. 33, Mar. 19, 2007] is DENIED pursuant to Local Rule 7.1(g)(3), which prohibits reconsideration when a motion presents the same issues ruled upon by the court or fails to demonstrate a palpable defect by which the court was misled and that correcting the defect will result in a different disposition of the case.

## III.  The Motion for a Certificate of Appealability

The Court construes the motion for a certificate of appealability to seek permission to appeal all of Petitioner's habeas claims.  "[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition.  Instead, [the] petitioner must first seek and obtain a [certificate of appealability]." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When, as here, the district court has rejected the constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473,

484 (2000).

Petitioner's habeas claims read:

I. Where no warrant or complaint was obtained against the defendant until two days after his arrest, probable cause did not exist at the time the officer came outside their bali-wick (sic) and made the arrest.

II. Where a complaint alleges no time in laying the offense [it] is fatally defective.

III. Where the prosecution knew the complainant had committed perjury to get appellant [bound over] in regard to the allege[d] location and knew the court['s] findings w[ere] not the same as the notice giv[en] appellant, nor did it fall in the same transaction as the information[,] [it] constitute[d] prosecutorial misconduct.

IV. Where counsel's performance during trial shows that he was not even prepared to go to trial [it] constitutes ineffective assistance of counsel.

V. Where the appellant was only charged and giv[en] notice to defend against sexually assaulting [the complainant] at Henry Ford Middle School Highland Park MI and the court['s] findings were in respect to an[] unknown area, the court abuse[d] its discretion and violated appellant['s] Sixth and Fourteenth Amendment rights.

VI. Where appellant['s] counsel fail[ed] during appellant['s] right to appeal to include authority to support[] argument and properly prepare his standard 11 supplemental brief [it] constitute[d] ineffective assistance of appellate [counsel.]

The Court determined that the first claim lacked substantive merit and was not cognizable on habeas review pursuant to *Stone v. Powell*, 428 U.S. 465, 482 (1976) (holding that, when "the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his

3

trial"). The Court rejected the second habeas claim because it alleged a violation of state law, which is not a basis for granting the writ of habeas corpus. *Pulley v. Harris*, 465 U.S. 37, 41 (1984). The Court also concluded that, to the extent Petitioner was alleging a violation of his constitutional right to notice of the charged crime, his claim lacked merit because he was provided adequate notice of the charged offense and was aware of the time of the incident.

The Court found no merit in the third habeas claim, which alleges prosecutorial misconduct, because venue was established through the complainant's testimony and because Petitioner failed to demonstrate that the complainant's testimony was false and that the prosecutor knew it was false. The fourth habeas claim alleges ineffective assistance of trial counsel, but the Court determined that Petitioner had failed to show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The fifth habeas claim challenges the trial court's findings of fact. The Court stated that this claim lacked merit because Petitioner failed to show by clear and convincing evidence that the trial court's factual findings were erroneous or objectively unreasonable. The sixth and final habeas claim alleges ineffective assistance of appellate counsel. The Court found that appellate counsel's omissions did not amount to ineffective assistance under *Strickland*.

Reasonable jurists would not find the Court's assessment of Petitioner's constitutional

claims debatable or wrong. Therefore, Petitioner's motion for a certificate of appealability [Doc. 34, Mar. 19, 2007] is DENIED.

Dated: April 5, 2007

                                  S/George Caram Steeh
                                  GEORGE CARAM STEEH
                                  UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 5, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk